ANN WALSH BRADLEY, J.
¶ 73. {concurring). I agree with the majority that "Wisconsin is in the jurisdictional majority in defining an occurrence as unexpected or unintended resultant damage." Majority op., ¶ 32. I further agree with the application of that definition. Id., ¶¶ 33-34.
¶ 74. We part ways, however, when the majority strays from its original occurrence analysis and inconsistently states that "Wisconsin has adopted a 'cause theory.'" Id., ¶ 66. Additionally, for the reasons set forth in the dissent, I do not agree with the majority's interpretation of the Farm Chemicals Limited Liability Endorsement. Dissent, f 131. Accordingly, I respectfully concur.